UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60160-CIV-MARRA

JOHN C. DIXON,

Plaintiff,

vs.

SONY CORPORATION OF AMERICA
d/b/a SONY ELECTRONICS INC.,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Sony Corporation of America's Motion to Dismiss Plaintiff's Complaint (DE 16). The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

Plaintiff John C. Dixon ("Plaintiff"), who is proceeding pro se, brings a Complaint alleging copyright infringement by Defendant Sony Corporation of America ("Defendant"). (Compl. ¶ 1, DE 1.) The Complaint alleges that Plaintiff has a copyright for a work entitled, "Computer Program for Biometric Access Television." (Compl. ¶ 1.) According to the allegations of the Complaint, Defendant's publication of its own work entitled, "Using Biometrics to Gain Personalized Access to Television Products" constitutes a  willful infringement of Plaintiff's work. (Compl. ¶ ¶ 1, 3.)  The willful infringement began on April 22, 2008 and continues into the present.  (Compl. ¶ 1.)

According to Defendant, Plaintiff's Complaint is time-barred by the Copyright Act's

three-year statute of limitations. Moreover, Defendant contends that Plaintiff's claim of copyright infringement is not properly pled because the Complaint lacks any allegation of copying by Defendant and there is no allegation of substantial similarity between the two works.

II. Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

III. Discussion

A.  Statute of Limitations

Defendant seeks dismissal of the Complaint on the basis that it is time-barred under 17 U.S.C. § 507(b).  Section 507(b) of the Copyright Act provides that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."  17 U.S.C. § 507(b).  However, Plaintiff has alleged that "[o]n April 22, 2008 to present," Defendant willfully infringed Plaintiff's copyright.  Thus, Plaintiff has alleged a continuing infringement.  Under such circumstances, the Court cannot conclude, as a matter of law, that Plaintiff's claim is barred by the applicable limitations period.  See, e.g., Taylor v. Meirick, 712 F.2d 1112 (7th Cir. 1983) (when a series of infringing acts constitute a "continuing wrong," only the last act must occur within the three-year statutory period for the liability to attach to all of them);  Roley v. New World Pictures, Ltd., 19 F.3d 479, 481 (9th Cir. 1994) ("In a case of continuing copyright infringements, an action may be brought for all acts that accrued within the three years preceding the filing of the suit" but not for acts that occurred more than three years before the commencement of suit); see also 1-12 M. Nimmer & D. Nimmer, Nimmer on Copyright § 12.05 (Matthew Bender, Rev. Ed.) ("If infringement occurred within three years prior to filing, the action will not be barred even if prior infringements by the same party as to the same work are barred because they occurred more than three years previously.") (hereinafter, "Nimmer")

B.  Failure to State a Claim

To state a claim for copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 501, a plaintiff must demonstrate 1) ownership of a valid copyright and 2) copying by the

defendant of elements of the work that are original. See Corwin v.. Walt Disney World Co., 475 F.3d 1239, 1253 (11th Cir. 2007); 4 Nimmer § 13.01. Defendant challenges the element of copying as pled in the Complaint. (Mot. at 11.)

With respect to copying, proof of "copying" alone is insufficient as "copyright protection may extend only to those components of a work that are original to the author." Feist Publications, Inc. v. Rural Telephone Service Co., 499 U.S. 340, 348 (1991). To prevail on this element, a plaintiff must show both copying and that the specific material copied was the author's original "expression." Id. The facts or ideas contained within the plaintiff's work, however, are not afforded any protection - one cannot claim originality as to facts. Id. at 347; see also Reyher v. Children's Television Workshop, 533 F.2d 87, 90 (2d Cir. 1976) ("It is an axiom of copyright law that the protection granted to a copyrightable work extends only to the particular expression of an idea and never to the idea itself") The copying must also be "substantial." Kustoff v. Chaplin, 120 F.2d 551, 560 (9th Cir.1941).

Copying need not be proved by direct evidence. Instead, a plaintiff can simply show that 1) defendant had access to the copyrighted material and 2) that there is "substantial similarity" between the two works. Corwin, 475 F.3d at 1253. Proof of access is satisfied by showing that defendant had a "reasonable opportunity" to view the work in question. Id.

The Complaint does not contain any allegations of copying by Defendant.  Instead, the Complaint indicates a similarity between his work and the work publicly displayed by Defendant. (Compl. ¶ 3.)  While the Complaint states that Plaintiff's work was "widely disseminated," the Complaint does not allege any other specific facts suggesting that Defendant would have had access to his work.  See Art Attacks Ink, LLC v. MGA Entertainment Inc., 581 F.3d 1138, 1145

(9th Cir. 2009) (recognizing that while the internet can reach a wide audience, there must be evidence to demonstrate wide dissemination); O'Keefe v. Ogilvy & Mather Worldwide, Inc., 590 F. Supp. 2d 500, 515 (S.D.N.Y. 2008) ("the mere fact that [the plaintiff's] work was posted on the internet prior to the creation of [the] defendants' work is insufficient by itself to demonstrate wide dissemination").

Nor does the Complaint provide an example of substantial similarity between Plaintiff and Defendant's work. Since the Complaint does not allege how the works are similar, the Court cannot conclude that the Complaint has asserted a valid cause of action. To withstand a motion to dismiss, the Complaint must allege specifically what aspects of Defendant's work encompasses Plaintiff's particular expression.[1] As the Complaint reads now, the Court can only conclude that it seeks protection for the ideas in his work, and not for his original expression. See MiTek Holdings, Inc. v. Arce Engineering Co., Inc., 89 F.3d 1548, 1556 n.19 (11th Cir. 1996) (a "fundamental principle of copyright law [is] that copyright does not protect an idea, but only the expression of the idea."); Hill v. Gayloard Entertainment, No. 07-60745, 2008 WL 115441, at * 4 (S.D. Fla. Jan. 9, 2008) ("Basing one's creative idea on someone else's creative idea is not a basis for liability under the Copyright Act").

The following guidance may be helpful to both parties in going forward. Plaintiff is proceeding *pro se* and his pleadings will therefore be liberally construed. However, the Court will not rewrite an otherwise deficient pleading in order to sustain an action. GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). Plaintiff must in good

---

[1] The same can be said with respect to the allegation that Defendant's work is derivative of Plaintiff's work. (Compl. ¶ 4.) The Complaint is devoid of any facts explaining how Defendant's work is derivative of Plaintiff's work.

5

faith amend the complaint to cure the above-mentioned pleading deficiencies.  With respect to Defendant, the Court notes that many of the arguments raised in the motion to dismiss relied on matter outside of the pleadings.  It is axiomatic that on a motion to dismiss, the scope of the Court's review is limited to the four corners of the complaint.  St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).  Thus, in the event that Defendant should move to dismiss the amended complaint, Defendant should refrain from making arguments that go beyond the pleadings.

### IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Sony Corporation of America's Motion to Dismiss Plaintiff's Complaint (DE 16) is **GRANTED**.  Plaintiff may file an Amended Complaint **no later than June 12, 2012.**  Failure to do so may result in the closing of the case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 23rd day of May, 2012.

_____
KENNETH A. MARRA
United States District Judge